# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.0.3
### Eastern Division

Chicagoland Aviation, LLC

                        Plaintiff,

v.                                                        Case No.: 1:12–cv–01139
                                                                Honorable Ronald A. Guzman

Richard R. Todd, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 21, 2012:

      MINUTE entry before Honorable Ronald A. Guzman: This cause comes on to be heard on plaintiff's motion for a temporary restraining order[7] pursuant to 15 U.S.C. §1125(a) and §1116, with notice to the defendant. The court, having reviewed plaintiff's written submissions and oral representations in open court finds as follows: The defendant has failed to appear or respond to the motion. Based upon plaintiff's submissions and oral representations the court finds plaintiff has established its case has some likelihood of success on the merits. There is sufficient evidence to support the likelihood of a finding that the defendant has breached his fiduciary duties and engaged in direct competition with plaintiff while still employed by the plaintiff. There is sufficient evidence to support the likelihood of a finding that defendant has utilized confidential client lists, pricing plans and maintenance costs in order to compete with the plaintiff for customers and facilities in contravention of a confidentiality agreement. There is sufficient evidence to support the likelihood of a finding that defendant has engaged in deceptive and unfair trade practices and competition in that he has falsely represented to plaintiff's customers, employees and suppliers that plaintiff is in a dire financial condition and will likely not be able to continue doing business. Furthermore, plaintiff has established that, as a result of the aforedescribed conduct it has lost competitive position and goodwill in that it has suffered the loss of customers and employees to the defendant. The deterioration of plaintiff's client base and the resulting loss of reputation, goodwill and possible future income is sufficient to constitute an irreparable harm for which no adequate remedy at law exists. The balance of harms favors the plaintiff, in that the temporary restraining order will not bar defendant from doing business, but only from engaging in breaches of fiduciary duty and unfair competition, while the likely harm to the plaintiff, a small business, if the defendant is allowed to continue to solicit plaintiff's customers and employees is great. Plaintiff is directed to prepare a temporary restraining order as per the court's direction and to post a $5,000.00 bond within 24 hours of the entry of said temporary restraining order. The temporary restraining order will be in effect for 14 days from the date of entry and any follow up motion for preliminary injunction is hereby referred to magistrate Judge Keys. Mailed notice (cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.