UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGOLAND AVIATION, LLC, )
)
    Plaintiff, )
)
) Case No. 12-cv-1139
)
RICHARD R. TODD, CHICAGO ) The Honorable Ronald A. Guzman
PREMIER BOAT RENTAL AND )
LEASING, LLC, d/b/a CHICAGO ) Magistrate Judge Cox
PREMIER FLIGHT TRAINING, )
)
    Defendants. )

### TEMPORARY RESTRAINING ORDER AND INJUNCTION

This cause coming to be heard pursuant to the Motion for Temporary Restraining Order brought by Plaintiff, CHICAGOLAND AVIATION, LLC ("Chicagoland Aviation"), and pursuant to Fed. R. Civ. P. 65, due notice having been given to Defendants, Richard R. Todd ("Todd") and Chicago Premier Boat Rental and Leasing, LLC, d/b/a Chicago Premier Flight Training ("CPFT"), and the Court, having entertained oral argument and otherwise being fully advised in the Premises,

IT IS HEREBY ORDERED:

1.    Plaintiff's Motion for Temporary Restraining Order has been granted, as follows:

    A.    Defendants, Richard R. Todd and Chicago Premier Boat Rental and Leasing, LLC d/b/a Chicago Premier Flight Training are restrained and enjoined, directly or indirectly, and any of their agents, affiliates, alter-egos, partners, joint venturers or any other representatives or persons in active concert or participation with them, who have been served with or otherwise have knowledge of this Order, from:

9996810.1

(1) Using or disclosing at any time, or for any purpose (including the acceptance of any new clients or business), any of Chicagoland Aviation's confidential information as described herein: Chicagoland Aviation's customer requirements, customer contacts, customer lists, including customer names, addresses, telephone numbers, and/or electronic mail addresses), customer marketing plans and/or agreements, pricing structures and strategies, customer needs and propensities and financial and banking information (hereinafter defined as "Confidential Information");

(2) Contacting any of the customers or prospective customers of Chicagoland Aviation, or otherwise competing with Chicagoland Aviation or soliciting customers or prospective customers of Chicagoland Aviation, unless and until Todd can establish that he can do so without misappropriating and/or disclosing Chicagoland Aviation's Confidential Information as described in paragraph 1(A)(1) and without otherwise competing unfairly; and

(3) Interfering with the existing contractual relations and prospective economic advantage of Chicagoland Aviation by means of unfair business practices, including:

    a) Using Chicagoland Aviation's Confidential Information, as defined in paragraph 1(A)(1);

    b) Representing to current or prospective Chicagoland Aviation customers and/or employees that Chicagoland Aviation is going out of business;

    c) Representing to current or prospective Chicagoland Aviation customers and/or employees that Chicago Premier Flight Training is taking over Chicagoland Aviation's office space at Lewis University Airport;

    d) Using "Chicago Premier Flight Training" as the name of Defendants' company.

(4) Accepting or providing services, including but not limited to, flight instruction and/or aircraft rental to any current and/or former customer of Chicagoland Aviation until further order of Court; and

(5) Otherwise harming Chicagoland Aviation's business.

B. That Todd and CPFT ("Defendants") are ordered within five days from the entry of this Order to:

(1) Return to Chicagoland Aviation all Confidential Information belonging to Chicagoland Aviation or relating to Chicagoland Aviation's business, as

defined in paragraph 1(A)(1), and any other information identifying Chicagoland Aviation's current or prospective customers, and any and all specifications for use in servicing these customers, that Todd removed, copied, took, used, disseminated, obtained or reviewed, or that Defendants otherwise have in their possession, custody or control;

(2) Identify all customers of Chicagoland Aviation or past customers of Chicagoland Aviation whom Defendants may have contacted;

(3) Provide a full and complete accounting of all revenues and profits earned by Defendants from the sale of any services, provided or otherwise, to any customer of Chicagoland Aviation; and

(4) Remove from CPFT's Website, advertising, letterhead, business cards or other business communications any reference to its business as being "Chicago Premier Flight Training," "Chicago's Premier Flight Training," or any such similar phrase and destroy any such letterhead, business cards, advertising or marketing materials.

2. This Temporary Restraining Order will become effective immediately and remain in effect for a period of fourteen (14) days from the date of this Court's entry of the Order.

3. Plaintiff is required to post a $5,000 bond within 24 hours after the entry of this Order.

ENTERED: *Ronald A. Guzman* 2/21/2012
Judge Ronald A. Guzman