Amended Exhibit A

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGOLAND AVIATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 12-cv-1139 |
| | ) | |
| RICHARD R. TODD, CHICAGO | ) | |
| PREMIER BOAT RENTAL AND | ) | |
| LEASING, LLC, d/b/a CHICAGO | ) | |
| PREMIER FLIGHT TRAINING, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff, CHICAGOLAND AVIATION, LLC (the "Plaintiff"), by its attorneys, David L. Newman, Jenifer H. Caracciolo, and Robert A. McKenzie (Arnstein & Lehr LLP, *of counsel*), pursuant to Federal Rule of Civil Procedure 34, propounds the following Requests for Production of Documents to Defendants to be answered by Defendants, RICHARD R. TODD and CHICAGO PREMIER BOAT RENTAL AND LEASING, LLC, d/b/a CHICAGO PREMIER FLIGHT TRAINING (the "Defendants"), under oath, within fifteen (15) days from the date of service.

### I. DEFINITIONS AND INSTRUCTIONS

1.      The terms "you", "yours", or "Plaintiff" shall mean Chicagoland Aviation, LLC, and where appropriate, its members, officers, employees, consultants, agents, subagents, representatives and any person or entity acting or purporting to act on behalf of the Plaintiff.

2.      The term "Defendants" shall mean Richard R. Todd, Chicago

Premier Boat Rental and Leasing, LLC d/b/a Chicago Premier Flight Training, and where appropriate, its members, officers, employees, consultants, agents, subagents, representatives and any person or entity acting or purporting to act on behalf of the Defendants.

3.     "Date" means the exact day, month and year if ascertainable and, if not ascertainable, then the closest approximation that can be made in terms of days, months, years, seasons or in relation to other events or matters.

4.     As used herein, "person" shall mean all natural and legal persons such as a human being, corporation, sole proprietorship, partnership, joint venture, association, organization, group or entity. Whenever reference is made to any person or entity by name, the reference shall be deemed to include all of the person's agents or employees and the entity's subsidiaries and affiliates, merged, consolidated or acquired predecessors, divisions and holding or parent companies including present and former officers, directors, shareholders, agents and employees.

5.     As used herein, "documents" means any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including but not limited to, letters, reports, other written communications, correspondence, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, travel records or itineraries, forecasts, analyses, projections, work papers, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings

or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, evaluations, records, summaries of negotiations, contracts, agreements, leases, loan agreements, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, receipts, worksheets, including programmer's worksheets, flow charts, advertising or promotional material, recordings on disk or tape, data processing cards, archive records, whether recorded on volatile or nonvolatile media, hard disks, tapes, floppy disks by magnetic or electronic impulse, software programs and all documentation for such programs, whether off-the-shelf or custom designed, including preliminary drafts or revisions or copies of any of the foregoing if the copy is in any way different from the original now in your possession, custody or control, or the possession, custody or control of your counsel, independent public accountants, evaluation consultants, engineering consultants, agents, employees and/or persons acting on your behalf.

6.     As used herein, the term "control" means actual possession, constructive possession, beneficially owning, power to obtain and ability to obtain any document.

7.     As used herein, the term "communication" means any transmission of words or thoughts between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, radio or electronic mail services and documents as defined above.

8.     As used herein, the term "relating to" shall mean to consist of,

reflect or be in any manner legally, logically, or factually, connected with the matter discussed.

9.     As used herein, the word "identify" when used in connection with verbal communication shall mean to state the following:

    (i)    the date of that communication;

    (ii)    identify the persons who were parties to that communication;

    (iii)    identify the persons who were witnesses (other than the parties) to that communication;

    (iv)    state whether that communication was face-to-face and/or over the telephone, and if face-to-face, describe the location of that communication; and

    (v)    identify any documents which pertain to that communication.

10.     As used herein, the word "identify" when used in reference to a natural person (i.e., human being), means to state:

    (i)    the person's full name;

    (ii)    present (or last known) address;

    (iii)    present (or last known) occupation or position;

    (iv)    name of his present (or last known) employer; and

    (v)    the person's prior positions, occupations or employers.

11.     As used herein, the word "identify" when used in reference to a business or entity means to state:

    (i)    its full name;

    (ii)    its present (or last known) address; and

(iii)    its present (or last known) telephone number.

12.    As used herein, the word "identify" when used in reference to a document means to state:

(i)    its date;

(ii)    its subject and its substance;

(iii)    its author;

(iv)    its recipients;

(v)    the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.);

(vi)    if the document is no longer in your possession or subject to your control, then identify the present (or last known) custodian of the document and state whether the document:

(a)    is missing or lost;

(b)    has been destroyed;

(c)    has been transferred, voluntarily or involuntarily, to others; or

(d)    has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for disposition thereof and state the date or approximate date thereof.

(vii)    state whether you claim any privileges (including work product) and, if so, state the basis upon which the claim of privilege is made.

13.    Unless otherwise specified, as used herein "meeting" or "meetings"

means any coincidence of persons being present whether by chance or prearranged, formal or informal or in connection with some other activity.

14.     "All" means any and all, and "any" likewise means any and all, unless the context requires otherwise.

15.     Whenever appropriate, the singular form of a word should be interpreted as the plural and vice versa.

16.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within their scope any responses which might otherwise be construed to be outside their scope.

17.     "Person" or "persons" shall be deemed to include both the singular and plural and shall include natural persons, corporations, public corporations, partnerships, joint ventures, groups, associations, organizations or any other entity encompassed within the usual and customary meaning of this definition.

18.     "Refer", "relate", or "relating to" means describing, touching upon, concerning, or to be legally, logically, factually, or in any way connected, in whole or in part, to the matter discussed.

19.     With respect to any claim of privilege asserted in response to these interrogatories, provide a statement signed by an attorney setting forth as to each such claim: (a) a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure; (b) a brief description of the information, including: (i) the date of the information; (ii) the name(s) of its author(s), or preparer(s), together with an identification by employment and title of each such person; (iii) the name(s) of each person(s) who is aware or has had access to the information, together

with an identification by employment and title of each such person; (iv) the paragraph of this request to which the information relates; and (v) in the case of information relating in any way to a meeting or conversation, identification of such meeting or conversation and a list of the participants thereto.

20.     If you object to any of the Definitions or Instructions herein, you must do so by written response hereto.  If said written response to a Definition or Instruction is not made prior to your answering of the Interrogatories it will be presumed that you do not object to any Definition or Instruction.

21.     All Requests to Produce made herein shall be construed to include any supplemental information pertaining to the Interrogatories which are later discovered by or otherwise come into your possession or control.

22.     All electronically stored information shall be produced in native format with all metadata attached.

23.     The answers to these Interrogatories shall be delivered within thirty (30) days to the law offices of Arnstein & Lehr LLP, Attention:  Robert A. McKenzie, 120 South Riverside Plaza, Suite 1200, Chicago, IL 60606.

## PRODUCTION REQUESTS

1.     All documents identified in response to Plaintiff's Interrogatories to Defendants.

2.     Any and all customer lists and contact information of past and present customers of Chicago Premier Flight Training ("CPFT").

3.     Any and all pricing formulas of CPFT.

4.     A list of all CPFT's past and present employees.

5.      Any and all documents or information obtained from and/or belonging to Chicagoland Aviation.

6.      Any and all documents relating to Chicagoland Aviation's business, including but not limited to:

        a.  Pricing formulas or structures,

        b.  Client lists, contact information or other information identifying current or prospective clients,

        c.  Any and all specifications for use in servicing Chicagoland Aviation's clients including training materials.

7.  Provide a full and complete accounting of all revenues and profits earned by Defendants from the sale of any services, provided or otherwise, to any clients since November 1, 2011, excluding services for which Chicagoland Aviation was paid.

8.  Provide copies of CPFT's past and present letterhead, business cards, adverting and marketing materials.

9.  Any and all correspondence between Richard Todd and Chicagoland Aviation.

10. Any and all correspondence in which Chicagoland Aviation requested that Richard Todd cease and desist contacting its employees, customers, and using its trade name and service mark.

11. Any and all correspondence between Defendants and airplane owners.

12. Any and all correspondence between Defendants and its past and present employees.

13. Any and all correspondence between Defendants and Chicagoland Aviation's past and present employees.

14. Any and all confidential Information belonging to Plaintiff or relating to Plaintiff's business, and/or any other information identifying Plaintiff's current or prospective customers, and any and all specifications, including training materials, for use in servicing these customers, that Richard Todd:

      a. Had access to during his employment at Chicagoland Aviation;

      b. Removed, copied, took, used, disseminated, obtained or reviewed, or that Defendants otherwise have in their possession, custody or control.

15. The past and present profiles for Rick Todd, Richard Antoniolli and Anthony Lalor from the website www.linkedin.com.

16. Any and all past or present internet advertisements of Defendants.

17. Any and all documents indicating or recording the hours flown, hours to be flown, flight instruction given, or flight instruction to be given given by Richard Todd, Richard Antoniolli, Anthony Lalor and any other manager, member, officer, employee, agent or independent contractor of CPFT from January 1, 2011 through the date of Defendants' response to Plaintiff's First set of Requests for Documents to Defendants, including, but not limited to such persons' Pilot Logbooks.

18. Any and all documents or records indicating or recording any scheduling of CPFT's managers, members, owners, officers, employees, agents or independent contractors including, but not limited to, documents and records maintained by or in connection with Flight Schedule Pro and/or its affiliate website(s).

19. Any and all documents or records indicating or recording flight scheduled, flown or to be flown by those certain Cessna Aircraft bearing U.S. Registration Numbers N333LS and N31YB or any other aircraft owned, leased, flown, or operated by CPFT, including, but not limited to, documents and records maintained by or in connection with Flight Schedule Pro and/or its affiliate website(s).

20. Any and all documents relating to Richard Todd's training to become a FAASTeam representative.

21. Any and all correspondence between Richard Todd and Matt Zahora.

22. Any and all documents relating or referring to CPFT's trade name(s).

23. Any and all documents relating or referring to CPFT's service mark(s).

24. Any and all documents describing or relating to the business of CPFT.

25. Any and all documents referring or relating to Richard Todd's employment at Chicagoland Aviation.

26. Richard Todd's history of employment prior to May 23, 2011.

27. The curriculum vitae of Richard Todd.

28. CPFT's books and records including its minutes, operating agreement, articles of organization, federal and state income tax returns for any tax year ending during 2011 and any financial records or documents for 2011 and 2012.

Respectfully Submitted,
Chicagoland Aviation, LLC

/s/ Robert A. McKenzie
One of its Attorneys

Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Responsible Attorneys:
    David L. Newman (ARDC #6210912)
    Jenifer H. Caracciolo (ARDC #6280221)
    Robert A. McKenzie (ARDC #6293346)

## CERTIFICATE OF SERVICE

      I, Robert A. McKenzie, an attorney, certify that on March 16, 2012, I served the foregoing Plaintiff's First Set of Requests for Production of Documents on Edward L. Bishop and Nicholas S. Lee via e-mail and UPS Next Day Delivery as set forth below.

| | |
|---|---|
| **VIA Email:** ebishop@bishoppatents.com<br>**And UPS Next Day Delivery**<br>Edward L. Bishop<br>Bishop & Diehl, Ltd.<br>1750 East Golf Road, Suite 390<br>Schaumburg, IL 60173 | **VIA Email:** nlee@bishoppatents.com<br>**And UPS Next Day Delivery**<br>Nicholas S. Lee<br>Bishop & Diehl, Ltd.<br>1750 East Golf Road, Suite 390<br>Schaumburg, IL 60173 |

                                                        By: Robert A. McKenzie

Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Responsible Attorneys:
    David L. Newman (ARDC #6210912)
    Jenifer H. Caracciolo (ARDC #6280221)
    Robert A. McKenzie (ARDC #6293346)